UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                              Chapter 7

        NJD WIRING AND ELECTRIC INC.,                  Case No. 15-45700-ess

                       Debtor.
-----------------------------------------------------------x

### ORDER APPROVING TRUSTEE'S SALES OF: (I) DEFAULT JUDGMENT TO ALPHA ASSETS CORP.; AND (II) REMAINING ASSETS OF DEBTOR'S ESTATE TO OAK POINT PARTNERS, INC. FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES UNDER U.S.C. §§ 105 AND 363 AND RELATED RELIEF

**UPON** the April 4, 2018 [ECF Doc. No. 136] application ("Application") of Debra Kramer, Chapter 7 trustee ("Trustee") of the estate of NJD Wiring and Electric Inc., debtor ("Debtor"), by and through her counsel Rosen, Kantrow & Dillon, PLLC, requesting entry of an order under sections 105 and 363, Title 11, United States Code ("Bankruptcy Code") approving the sales of: (i) that certain default judgment entered in favor of Trustee as against Peter Karageorgio ("Karageorgio Judgment") to SM Financial Services Corporation ("SM Financial") at a purchase price of five hundred dollars ($500.00); and (ii) the remaining assets of Debtor's estate to Oak Point Partners, Inc. ("Oak Point") at a purchase price of six thousand dollars ($6,000.00), free and clear of liens, claims, interests, and encumbrances under Bankruptcy Code section 363; and upon the limited objection to the Application ("Limited Objection") having been filed by International Fidelity Insurance Company ("International") on April 13, 2018 [ECF Doc. No. 138]; and upon Trustee having filed a reply to the Limited Objection on April 18, 2018 [ECF Doc. No. 139] clarifying that the Remnant Assets, as that term is defined in the Application, does not include the abandoned property ("Abandoned Property") subject to the Order of Abandonment of Property of Debtor's Estate entered by the Court on June 7, 2016 [ECF Doc. No. 106]; and upon

International having filed a withdrawal of its Limited Objection on April 19, 2018 [ECF Doc. No. 140]; and upon Alpha Assets Corp. ("Alpha") having thereafter offered to purchase the Karageorgio Judgment from Trustee for two thousand dollars ($2,000.00) and forwarded Trustee payment in full in advance of the hearing on the Application; and upon Trustee having determined to accept the purchase offer of Alpha as being a higher and better offer then that of SM Financial; and upon consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Application having been provided; and it appearing that no other notice needs be provided and that further notice has been waived; and the Application having come on for a hearing upon notice before the Court on May 8, 2018; and Trustee having appeared by Scott T. Dillon, Esq., one of her counsel, who argued in support of Trustee's Application; and the Court having heard no objections to the relief sought by Trustee, or said objections having either been withdrawn of otherwise overruled; and the Court having considered the arguments of counsel and the entire record before the Court; and after due deliberation; it is hereby:

**ORDERED**:

    1.    ~~The relief sought in the Application is GRANTED, to the extent set forth herein.~~

    2.    The Bidding Procedures[1] are fair and reasonable and are approved in their entirety.

    3.    The purchase offer of Alpha and all of its terms and conditions are approved in their entirety.

    4.    The Oak Point Agreement and all of its terms and conditions are approved in their entirety.

---

[1] Capitalized terms not defined herein shall carry the meanings ascribed to them in the Application.

5. Under Bankruptcy Code sections 105 and 363(b), the Trustee is authorized to sell: (a) the Karageorgio Judgment to Alpha for two thousand dollars ($2,000.00); and (b) the Remnant Assets to Oak Point for six thousand dollars ($6,000.00).

6. Oak Point, or its counsel, is directed to tender a certified check in the amount of six thousand dollars ($6,000.00) to counsel for the Trustee, made payable to "Debra Kramer, Trustee" within three (3) business days of the entry of this Order.

7. Under Bankruptcy Code section 363(f), the sale of the Karageorgio Judgment to Alpha and the Remnant Assets to Oak Point ("Sales") shall be free and clear of any and all liens, claims, and encumbrances, with such liens, claims, and encumbrances to attach to the proceeds of the Sales with the same force, effect, and priority as such liens, claims, and encumbrances have on the Estate's right to the assets, as appropriate, subject to the rights and defenses of Trustee and any party in interest with respect thereto.

8. The Sale by Trustee of the Remnant Assets to Oak Point expressly excludes and shall not contain any rights with respect to the Abandoned Property.

9. The Trustee is authorized to take such actions as are necessary to effectuate the terms of the Sale Agreements and/or Sales, together with all additional instruments and documents that may be reasonably necessary to implement the Sale Agreements and/or Sales.

10. Alpha and Oak Point are granted the protections provided to a good faith purchaser under Bankruptcy Code section 363(m).

11. The transfer of the Karageorgio Judgment to Alpha and the Remnant Assets to Oak Point, pursuant to the respective Sale Agreements and/or Sales, constitutes a legal, valid, and effective transfer of the assets; and shall vest Alpha with all right, title, and interest in and to the Karageorgio Judgment and proceeds thereof, and shall vest Oak Point with all right, title, and

interest in and to the Remnant Assets and proceeds thereof, except as expressly limited under section eight (8) of this Order.

12. The Sales of the Karageorgio Judgment and the Remnant Assets are in "as is", "where is", "with all faults" condition.

13. The fourteen-day stay under Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is waived.

14. This Court may retain jurisdiction over the provisions of this order and to hear and determine all matters arising from the implementation of this order.



**Dated: Brooklyn, New York**
**May 9, 2018**

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**